UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA D. WEXLER,<br>*Plaintiff*,<br>v.<br>UNITED STATES OF AMERICA,<br>*Defendant*. | Case No.<br>**DECLARATION OF ETHAN A. BALOGH IN SUPPORT OF MOTION FOR THE PRODUCTION OF SEARCH WARRANT(S) AND RELATED MATERIALS AND FOR RETURN OF PROPERTY** |

I, ETHAN A. BALOGH, declare under penalty of perjury as follows:

1. I am an attorney barred in the State of California and serve as counsel to Joshua D. Wexler in the above-captioned case and in litigation commenced by the New Orleans District Attorney. I have applied for admission *pro hac vice* with respect to this motion. Except as otherwise expressly noted, I state the following on personal knowledge and if called as a witness, could testify competently thereto.

2. On March 31, 2026, I received notice that my client had been arrested by Deputy United States Marshals pursuant to four out-of-state warrants sought and obtained by the New Orleans, Louisiana District Attorney's Office.[1] This was surprising for multiple reasons, including the two we present here. The New Orleans District Attorney had already prosecuted Mr. Wexler for allegations re-raised in warrant B-18248-20. In that matter, the prosecutors dismissed the case—over Mr. Wexler's objection—on September 19, 2022, *viz.*, the first day set for trial. In addition, Mr. Wexler then informed the New Orleans prosecutors that he would

[1] Attached hereto as **Exhibit D** is a true and correct copy of the four warrants and the relevant extradition materials produced by the New York District Attorney in support of Mr. Wexler's extradition to Louisiana.

appear on a summons should they decide to pursue charges against Mr. Wexler in the future.[2] Two of them—Mary Glass and Penny Kissinger—are the attorneys responsible for the new proceedings in New Orleans.

3. I have obtained and reviewed the video recordings from Mr. Wexler's apartment building reflecting his arrest and the seizure of his property. I've also interviewed the witness who secured Mr. Wexler's residence following his March 31 arrest. The screenshots embedded in the memorandum of law herewith are taken from those video recordings. The video evidence demonstrates that on March 31, 2026, at approximately 5:15 a.m., approximately 15 law enforcement agents—the majority of whom wore insignia identifying themselves as United States Marshals—executed the arrest of Mr. Wexler based on the out-of-state warrants.[3] The agents had secured Mr. Wexler's arrest by 5:49 a.m. and removed him from his residence and the building. Thereafter, a subset of the agents reentered the apartment, conducted a search, and a member of the Department of Homeland Security seized Mr. Wexler's property. I am informed and believe that the agent seized at least three mobile telephones and one laptop computer. The video recordings reflect that a female agent wearing insignia identifying her as an agent of the Department of Homeland Security left Mr. Wexler's residence with what appears to be an evidence bag containing the laptop and other seized property.

4. At the April 23, 2026, bail hearing in Louisiana, the prosecuting attorney informed the Court "that the agents that went and arrested [Mr. Wexler] were Homeland Security. Homeland

---

[2] Attached hereto as **Exhibit E** is a true and correct copy of my September 19, 2022, electronic correspondence to the New Orleans prosecutors.

[3] No charges have yet been filed against Mr. Wexler at this time. Rather, the prosecuting authorities in Louisiana obtained warrants for his arrest but have not yet presented any complaint, information, or indictment accusing him of any crime.

Security is very interested in Mr. Wexler." The prosecutor further informed the Court that "[t]he devices that were seized by Homeland Security have not been assessed yet." I note further that none of the allegations supporting the Louisiana warrants involve the use of electronic media in furtherance of the alleged crimes, the Louisiana prosecutors produced no such evidence at the bail hearing, and the magistrate in Louisiana thereafter declined to include internet restrictions on Mr. Wexler based on the lack of any evidence that Mr. Wexler "engaged in any internet based criminal conduct."

5. I am informed and believe that the agents did not leave behind a copy of any warrant authorizing their conduct and did not leave behind a receipt identifying the property they had taken.

6. Mr. Wexler was incarcerated on Rikers Island from March 31, 2026, until he was extradited to Louisiana on April 15, 2026. The New Orleans Parish court admitted Mr. Wexler to bail on April 23rd, and Mr. Wexler secured his release and returned to New York on April 27, 2026.

7. On May 1, 2026, I wrote to the Chief of the Criminal Division, Amanda Houle, and Chief of the Forfeiture Division, Michael Lockard, to address the March 31, 2026, seizures and to obtain the warrant materials required by Rule 41. In that letter, I also requested materials regarding Google's April 3, 2026, notice identifying legal process served upon it with respect to Department of Homeland Security Investigation NY15HS26NY0006 HSI-NY-2026-044776-001.[4]

[4] A true and correct copy of my letter to the AUSAs Houle and Lockard, redacting information required by Fed. R. Crim. P. 49.1, is attached hereto as **Exhibit A**. I apply Rule 49.1 mandated redactions to **Exhibit B** and **Exhibit C** as well.

8. We obtained no response and we followed up with an email on May 5, 2026. On May 6, 2026, AUSA Lockard responded, but not substantively. He instead informed us that the Government was "working to identify an appropriate point of contact for [our] inquiry."[5]

9. I replied to AUSAs Houle and Lockard the next day, informed them, *inter alia*, that the Government's response was unreasonable under the circumstances and urged them to inform us no later than close of business on May 8, 2026, "whether the United States will provide the materials requested in our May 1 letter" and demanded that "the United States cease all further searches of our client's property until we have received the requested materials and have addressed with you any additional constitutional and/or statutory violations by your Office and/or the Department of Homeland Security with respect to the seizure and searches of our client's property." Neither AUSA Houle nor AUSA Lockard responded to that correspondence.

10. I again followed up with correspondence to AUSAs Houle and Lockard on Tuesday, May 12, 2026, as follows:

> The United States continues to avoid our requests in full. We now add to the list a request for the case numbers upon which the warrant(s) issued as we are preparing to file a motion pursuant to Rule 41 to obtain the materials the Government was obligated to provide in March but for some reason continues to withhold from the aggrieved party. Please advise whether the United States will respond to this inquiry.

11. The AUSAs responded to that inquiry with a non-sequitur, just before midnight (Pacific Time) that same day, offering:

> it appears Mr. Wexler was arrested in connection with a warrant issued in New Orleans. Our office is not handling Mr. Wexler's arrest or prosecution. You should direct any inquiries about his case to the responsible prosecutors in the New Orleans District

[5] A true and correct copy of our May 5 and 6, 2026, correspondence with AUSA Lockard is attached hereto as **Exhibit B**.

> Attorney's Office, who I understand are ADA Penny Kissinger and ADA Mary Glass.

I addressed this non-response the next day, May 13, 2026, as follows:

> We are not writing with respect to Mr. Wexler's arrest. We are writing regarding the US Marshal's seizure of his phones and computer on March 31. The New Orleans DA confirmed that the Department of Homeland Security seized and is searching his property. The video recordings from Mr. Wexler's building confirm that the federal agents seized his property. Our inquiry is focused on the March 31 search and seizure by federal agents which your response does not address. Please address that issue.

I followed up a few hours later, provided screen shots reflecting the Department of Homeland Security's seizure of our client's property and clarifying:

> Please note that the Department of Homeland Security is the agency that seized Mr. Wexler's property. We provide here two screen shots showing the HSI agent who seized the property. As we also notified you, the NOLA DA's office disclosed a parallel HSI investigation and claimed HSI was reviewing Mr. Wexler's devices, we have provided separate evidence regarding HSI"s service of a search warrant on Google. We again demand the return of Mr. Wexler's property and all evidence derived from it. In the absence of a warrant authorizing the March 31 seizure—and to date, your Office has disclosed none—the seizure is unlawful.
>
> In the absence of communication regarding this seizure, we will be required to pursue relief from the district court. Given the undeniable evidence of a federal seizure, we urge you to schedule a call to address this most serious matter.[6]

To date, neither AUSA Houle nor AUSA Lockard nor any other representative of the United States have agreed to confer about the March 31, 2026, seizure.

12. All documents related with this motion have been redacted pursuant to S.D.N.Y. ECF Privacy Policy and Fed. R. Crim. P. 49.1.

---

[6] A true and correct copy of the email correspondence presented in this paragraph is attached hereto as **Exhibit C**.

13. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated this 15th day of May 2026.

*/s/ Ethan A. Balogh*
ETHAN A. BALOGH