**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 17, 2026

**By ECF:**
The Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**Re: *Wexler v. United States*, No. 1:26-mc-00228-AT**

Dear Judge Torres:

The Government respectfully submits this letter in response to the Court's May 27, 2026 Order. (Dkt. 23). On March 31, 2026, Joshua Wexler ("Wexler") was arrested in New York, New York based on arrest warrants issued in the Orleans Parish Criminal District Court in Louisiana for first degree rape, indecent behavior with juveniles, and molestation of a juvenile, in connection with an investigation being conducted by the Orleans Parish District Attorney's Office ("Orleans DA's Office") with which this Office is not involved. In connection with Wexler's arrest, and as set forth below, law enforcement officers seized certain electronic devices from Wexler's apartment in New York, New York (the "Devices"). Pursuant to Federal Rule of Criminal Procedure 41(g), Wexler now seeks the return of the Devices (the "Rule 41 Motion"). Wexler also actively is seeking the return of the Devices in Louisiana state court. For the reasons that follow, the Court should decline to rule on the Rule 41 Motion given the parallel, substantively identical proceedings in state court in Louisiana, where Wexler is being investigated for the conduct alleged in the arrest warrants and is already pursuing the remedy he seeks here.

## I. Background and Procedural History[1]

The Government understands that the Orleans DA's Office is conducting an investigation into allegations that Wexler, a piano instructor, sexually abused certain of his minor students.

In connection with that investigation, the Orleans Parish Criminal District Court issued four arrest warrants for Wexler on the basis that there was probable cause to believe that Wexler committed the alleged offenses. (*See* Dkt. 10-4).

- Warrant Number: H-31464-20 (dated December 1, 2025): One count of first degree rape (La. Stat. Ann. § 14:42)

[1] The information set forth in this letter is based on the Government's discussions with prosecuting attorneys in the Orleans DA's Office, who are handling the investigation into Wexler, as well as the Department of Homeland Security, Homeland Security Investigations ("HSI").

- Warrant Number: 1-27250-23 (dated March 11, 2026): One count of indecent behavior with juveniles (La. Stat. Ann. § 14:81)

- Warrant Number: K-20706-23 (dated March 11, 2026): One count of indecent behavior with juveniles (La. Stat. Ann. § 14:81)

- Warrant Number: B-18248-20 (dated March 18, 2026): One count of molestation of a person with a physical or mental disability (La. Stat. Ann. § 14:81.2)

On March 31, 2026, Wexler was arrested pursuant to those warrants in his residence in New York, New York. The arrest was executed by the United States Marshals Regional Fugitive Task Force (the "Marshals Task Force"). HSI Special Agents who accompanied the Marshals Task Force during the arrest seized the Devices from Wexler's apartment and, for a period of time thereafter, maintained the Devices at HSI's office in New York, New York ("HSI NY"). HSI provided the Government with a list of the Devices:

- Google Pixel 10 Pro IMEI-357189133005686
- Motorola moto g 5G 2024 IMEI-356125202059783
- Motorola moto g 5G 2022 IMEI-351394591574068
- CHUWI notebook SN/ RQ64G45170901594
- Lenovo YOGA 9 Laptop SN/ PF1SPEEM

On April 23, 2026, Wexler filed a motion for return of property in Orleans Parish Criminal District Court pursuant to a Louisiana statute governing the "[d]isposition of property seized in connection with criminal proceedings" in *State of Louisiana v. Wexler*, No. M-626983 (Apr. 23, 2026) ("April 23 Motion"). A copy of the as-filed April 23 Motion is enclosed as Exhibit 1.

On May 5, 2026, the Orleans Parish Criminal District Court approved a warrant to search the Devices for evidence of "indecent behavior with juveniles" ("May 5 Search Warrant"). Based on discussions with the Orleans DA's Office and HSI, the Government understands that the search warrant was executed in the following manner: HSI extracted data from the Devices at HSI NY and sent those extractions (the "Extractions") to the New Orleans Police Department ("NOPD") but continued to maintain the Devices at HSI NY. A copy of the May 5 Search Warrant is enclosed as Exhibit 2.

On May 15, 2026, Wexler filed the Rule 41 Motion. Counsel for Wexler had contacted prosecutors in this Office on May 1, 2026, regarding the return of Wexler's property. Prior to that, this Office was not previously aware of the investigation into Wexler in New Orleans or of the arrest warrants, and seizure of the Devices, that had been executed on March 31, 2026. In response to counsel's requests, this Office contacted HSI to obtain the details of the arrest and seizure.

On June 4, 2026, the Orleans Parish Criminal District Court held a hearing on Wexler's April 23 Motion. The court ordered the Orleans DA's Office to produce an inventory of the items seized but did not order the return of the Devices. An unofficial transcript of the June 4, 2026 motions hearing, provided to the Government by the Orleans DA's Office, is enclosed as Exhibit

3. During the hearing, the Orleans DA's Office argued, in part, that the Devices were not in the custody and control of the Orleans DA's Office and NOPD. *See* Ex. 3 at 15, 17.

On June 11, 2026, the Orleans DA's Office provided Wexler with an inventory of the Devices. On the same day, the Orleans Parish Criminal District Court held an additional hearing on Wexler's April 23 Motion. An unofficial transcript of the June 11, 2026 motions hearing, provided to the Government by the Orleans DA's Office, is enclosed as Exhibit 4. The court determined that Wexler would be permitted to submit a supplemental filing in support of his April 23 Motion and that the Orleans DA's Office would be given the opportunity to respond. Counsel for Wexler indicated they would file a supplemental motion which counsel would set for a hearing, likely before mid-July, and propose a date for the Orleans DA's Office to respond. *See* Ex. 4 at 7-8.

On June 12, 2026, during a call with the Orleans DA's Office, the Government learned that HSI had sent the Devices to the NOPD. After the Rule 41 Motion was filed in this case, during a call on June 1, 2026, the Government advised HSI of the pending Rule 41 Motion, and that the Devices should remain in this District while the Rule 41 Motion is pending. The Government also separately notified the Orleans DA's Office of the pending Rule 41 Motion and that the Devices should remain in this District while the Motion is pending. The Government understands that, in response to a request from NOPD and without the Government's awareness or authorization, HSI sent the Devices to NOPD on June 8, 2026, on what was described to the Government as a temporary basis. The Devices were received into NOPD custody on or about June 9, 2026. An NOPD chain of custody record for the Devices, provided by the Orleans DA's Office, is enclosed as Exhibit 5. The Government understands from HSI that NOPD's stated purpose for requesting the Devices was to seek to re-extract, or re-image, them, because NOPD has been unable to access certain content contained in the Extractions that HSI provided to NOPD. NOPD has not provided HSI with a timetable of when any additional re-extractions, which would be done pursuant to the May 5 Search Warrant, will be complete.[2]

**II. The Court Should Defer to the Parallel Proceedings to Return Property Pending in Louisiana State Court**

Based on the ongoing proceedings in Louisiana—where, the Government understands, prosecutors are contemplating pursuing charges against Wexler—the Government respectfully submits that the Court should defer ruling on the Rule 41 Motion given Wexler's pending April 23 Motion and ongoing efforts to seek return of the Devices in Louisiana state court. Wexler is not facing criminal charges in this District, and as evidenced below, has available remedies before the state court that issued the arrest warrants that led to the seizure of the relevant evidence.

---

[2] While NOPD's review of the Extractions and efforts to re-extract the Devices remains ongoing, the Government notes that, to the extent child sexual abuse material is contained on any of the Devices, that device would be contraband that would be required to remain in law enforcement possession. *See United States v. Dennis*, 622 F. Supp. 3d 1, 3 (S.D.N.Y. 2022) ("[T]he Government is permitted to retain contraband because society recognizes no legitimate property interest in contraband.").

Rule 41(g) allows a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property" to "move for the property's return," and "must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). Where those conditions are met, Rule 41(g) provides an "equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *Bongiorno v. United States*, No. 22-2900, 2023 WL 7648621, at *1 (2d Cir. Nov. 15, 2023) (citations and quotations omitted). Jurisdiction under Rule 41(g) is discretionary and should "be exercised with great restraint and caution" as it rests upon the courts' supervisory power over the actions of federal law enforcement officials. *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006); *see also Hunsucker v. Phinney*, 497 F.2d 29, 34 (5th Cir. 1974) (noting "jurisdiction to order pre-indictment return or suppression is grounded in the court's supervisory power over its officers" and should be exercised with "caution and restraint."); *Boyd v. United States Dept. of Justice,* 673 F. Supp. 660, 663, 662 (E.D.N.Y. 1987) (stating that courts should exercise "[s]o-called 'anomalous' jurisdiction" over Rule 41(g) motions "only when absolutely necessary and with great hesitation."). Accordingly, even where Rule 41(g) motions are filed in the district where the property was seized, courts routinely have declined to exercise jurisdiction over Rule 41(g) motions in circumstances where claimants otherwise have an available forum to contest the lawfulness of a seizure. *See United States v. An Antique Platter of Gold*, No. 95 MAG. 2167 (NRB), 1995 WL 758762, at *2 (S.D.N.Y. Dec. 22, 1995) (dismissing Rule 41(g) motion, notwithstanding that it was filed in the district where the property was seized, where claimant could raise his defenses to seizure in pending civil forfeiture proceedings); *De Almeida*, 459 F.3d at 383 (finding the district court did not abuse its discretion in dismissing third-party Rule 41(g) motions where petitioners could pursue relief through ancillary proceedings in a criminal forfeiture action then pending in another district, thereby avoiding "serious risk of duplicative proceedings and conflicting results," notwithstanding that the when the property was seized it was located in the district where the Rule 41(g) motion was filed).

Wexler already has an available remedy: Wexler can move—and indeed, has moved, through his April 23 Motion—for the return of his Devices in Orleans Parish Criminal District Court, which is the court that issued his arrest warrants for the alleged criminal conduct at issue. The Government understands that the Orleans Parish Criminal District Court is receiving supplemental briefing on the April 23 Motion which may be set for a hearing. That court issued the four warrants pursuant to which Wexler was arrested and approved the May 5 Search Warrant to search the Devices.

## III. Conclusion

Accordingly, and for the reasons set forth above, this Court should decline to exercise jurisdiction over the Rule 41 Motion and deny the motion without prejudice such that Orleans Parish Criminal District Court adjudicates this dispute.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: *Paulena B. Prager*
Paulena B. Prager
Assistant United States Attorney
(212) 637-2473